**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NOV 0 1 2017

MATTHEW J. DYKMAN
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 17-3062 JB |
| ) | |
| vs. ) | 16 U.S.C. §§ 3372(a)(2)(A), |
| ) | 3372(c)(1)(A), 3373(d)(1)(A), and |
| MIKE Y. ARCHULETA, ) | 3373(d)(1)(B): Sale and Transport of |
| ) | Wildlife in Violation of State Law. |
| Defendant. ) | |

INDICTMENT

The Grand Jury charges:

Background

1.      The Lacey Act makes it unlawful for any person to knowingly import, export, transport, sell, receive, acquire, or purchase in interstate and foreign commerce, any …wildlife, whether dead or alive, or any part or product thereof, taken, possessed, transported or sold in violation of any law … or regulation of any State.  16 U.S.C. § 3372(a)(2)(A).

2.      It is deemed to be a sale of … wildlife in violation of the Lacey Act for a person for money or other consideration to offer or provide guiding, outfitting, or other services for the illegal taking, acquiring, receiving, transporting, or possessing of … wildlife.  16 U.S.C. § 3372(c)(1)(A).

3.      "Mark V Outfitters," located at the website address of "markvoutfitters.com," advertises itself on the internet as a business that provides outfitting and guiding services for hunters seeking to enjoy a "big game hunt in New Mexico."  The business describes itself as being "[e]stablished just 30 miles north of Santa Fe in the heart of northern New Mexico." Under a tab about "antelope" hunts, which actually pictures an American pronghorn, the website

1

indicates that "[t]he hunt includes: guaranteed license, 2 X 1 guide, lunch and field dressing of your trophy." The website also includes a request for hunters to "please stop by our office and taxidermy studio in Espanola, NM" if time permits so that the hunters can see the quality of mounts of the animals harvested by clients that they produce at their taxidermy shop.

4.    The only contact information for Mark V Outfitters provided at the marrkvoutfitters.com website is for an individual identified as R.R., a person known to the grand jury, with an address in Texas, a Texas telephone number, and an email address of rmrhunt@earthlink.net. No other individual's contact information appears on the "markvoutfitters.com" website. R.R. is not a registered hunting outfitter or guide in the State of New Mexico.

5.    On May 11, 2005, Mark V Guide Services LLC was organized as a limited liability company in the State of New Mexico, with a reported location of "1509A Paseo De Onate in Espanola, NM." The registered agent for Mark V. Guide Services LLC is the ex-wife of the defendant, **MIKE Y. ARCHULETA**.

6.    The defendant, **MIKE Y. ARCHULETA**, operates a taxidermy business named "Sierra Taxidermy Studio LLC" that is located at 1509-B Paseo De Onate in Espanola, New Mexico. The registered owner of the business is the defendant's mother. That location is approximately 30 miles north of Santa Fe, New Mexico. In 2014, fliers and brochures were found at Sierra Taxidermy Studio which advertised Mark V Outfitters, LLC and Mark V Outfitter and Guide Services, LLC. These brochures contained contact information to include a website www.markvoutfitters.com, an email of mkv34@hotmail.com, and an address of 1509 Paseo De Onate, Espanola NM. The defendant's mother is not a registered guide or outfitter.

7.    The defendant, **MIKE Y. ARCHULETA**, subscribes to the email address of

mkv34@hotmail.com.  He uses this email address to arrange to both outfit and guide big game

hunts for client hunters.  In or about May 2012, the defendant, **MIKE Y. ARCHULETA**, also

used this email address to approve the contents of an online flyer in Spanish for Mark V

Outfitters that appeared on a Mexican-based hunter forum website.  The flyer identified Mark V

Outfitter's prices for various big game hunts in New Mexico.  The prices listed a hunt for a

"berrendo," or American pronghorn, at $2,500, and identified the dates for pronghorn hunting as

August 25 through 31, 2012.

8.      New Mexico law defines an "Outfitter" as "any person who advertises or holds

himself out for hire to the public or accepts compensation for providing, within a game

management unit where a hunt occurs, equipment or services for hunting activities." N.M. Code

R. § 19.30.8.7.

9.      New Mexico law defines a "Registered outfitter" as "an outfitter who has met all

the requirements described [in the New Mexico Administrative Code], and has been issued a

registration number by the department."  N.M. Code R. § 19.30.8.7.

10.      New Mexico law defines a hunting "Guide" as "any person employed or

contracted by a registered outfitter to furnish personal services for the purpose of hunting or

taking game animals except a 'guide' does not include a person who only cooks, cuts wood,

wrangles horses or escorts clients between camp and vehicle, retrieves downed game, or

otherwise solely provides services not directly related to hunting or taking of game animals."

N.M. Code R. § 19.30.8.7.

11.      From on or about March 17, 1999 to the year 2006, the defendant, **MIKE Y.**

**ARCHULETA**, was a registered outfitter in the State of New Mexico under the registration

number 47.  The defendant, **MIKE Y. ARCHULETA**, has not re-registered as an outfitter in the

State of New Mexico since his registration lapsed in 2006.  Since the lapse of his outfitter registration, the defendant has not registered as a hunting guide with the State of New Mexico.

12.     It is unlawful for a person to be a hunting guide or outfitter in New Mexico without being registered.  However, a person may act as a hunting guide or outfitter without being registered, but only if such person is a private landowner, or the authorized agent of a private landowner, who outfits or guides pursuant to a landowner permit issued by the department of game and fish for the landowner's property or for the landowner's shared private and public unit.  N.M. Stat. Ann. §17-2A-3.

13.     New Mexico law defines a "landowner permit" as a license issued pursuant to landowner authorization.  An "agent" is anyone employed or contracted in writing by a landowner to oversee the hunting operations or to outfit or guide for a landowner on the landowner's deeded property, or pursuant to a landowner's permit, on a shared public or private unit.  N.M. Code R. §19.30.8.7.

14.     Defendant does not own or lease the Sofia Mays Ranch in Union County, New Mexico.  He is not employed by the Sofia Mays Ranch in Union County, New Mexico.  He did not have a written contract to provide outfitting and guiding services on the Sofia Mays Ranch in 2012.

15.     In May 2012, Hunter 1, a non-resident of New Mexico, and **MIKE Y. ARCHULETA** began discussing scheduling a hunt in New Mexico to begin in August 2012.  In response to Hunter 1's inquiries, the defendant informed Hunter 1 of the prices he charged for guiding and outfitting the requested hunt and license fees, and requested a deposit of $2000 or $3000.  Defendant gave Hunter 1 his account information so that Hunter 1 could deposit the money for the defendant's services.  Hunter 1 paid the defendant $2000 for the hunt.  In August

2012, the defendant arranged for Hunter 1 to stay at the defendant's house during the hunt. The defendant also arranged for his associate to pick up Hunter 1 at the Albuquerque International Airport on August 28, 2012, and drive him to the defendant's home in Espanola, New Mexico, a distance of approximately 88 miles. In preparation for his trip, Hunter 1 sent the defendant his trip itinerary, and his personal information for the defendant to secure a valid hunting license for Hunter 1.

16. On September 2, 2012, Defendant guided and outfitted Hunter 1 on a hunt of American Pronghorn at the Sofia Mays Ranch in Union County, New Mexico. **MIKE Y. ARCHULETA** did not secure a valid hunting license for pronghorn for Hunter 1. **MIKE Y. ARCHULETA** had a landowner permit in his own name that was not transferrable to another hunter. Hunter 1 shot and killed an American Pronghorn on September 2, 2012.

17. A "nonresident," who must purchase nonresident hunting and fishing licenses, is any person not a resident, including any temporary resident who maintains his home outside of the state. N.M. Stat. Ann. §17-3-4(B).

18. New Mexico law states no person shall shoot, hunt, kill, injure, or take, in any manner, any game animal without paying for, and having in his possession, the proper license required by law for the year in which the shooting, hunting, or taking is done. N.M. Stat. Ann. §17-3-1.

19. New Mexico law prohibits anyone from using a hunting license issued to or in the name of any other person. N.M. Stat. Ann. §17-3-6(C).

20. Outfitters and guides are required to report any illegal hunting activities, or any violation of local, state or federal law that he has witnessed to any commissioned conservation officer or to the appropriate agency. N.M. Code R. §§ 19.30.8.12(C), 19.30.8.13(B). Outfitters

and guides shall comply with all local, state and federal laws and regulations pertaining to outfitting, hunting, fishing and wildlife.  N.M. Code R. §§ 19.30.8.12(D), 19.30.8.13(C). Outfitters and guides are also prohibited from condoning, or willfully allowing a violation of applicable conservation and game and fish laws by their clients.  N.M. Code R. §§ 19.30.8.12(E), 19.30.8.13(D).

Count 1

On or between June, 2011 and February 8, 2013, in the District of New Mexico, to include Union County, and elsewhere, the defendant, **MIKE Y. ARCHULETA**, did knowingly engage in conduct that involved the sale and offer of sale, and intent to sell wildlife with a market value in excess of $350, and did knowingly engage in export, and attempt to export wildlife that is, one American Pronghorn, in interstate and foreign commerce from New Mexico to Texas and Mexico, knowing that said wildlife was taken, possessed, transported, and sold in violation of and in a manner unlawful under the laws and regulations of the State of New Mexico, specifically N.M. Stat. Ann. §§ 17-3-1, 17-2A-3, 17-3-4(B), 17-3-6(C), and N.M. Code R. §§ 19.30.8.7, 19.30.8.12(C), 19.30.8.13(B), 19.30.8.12(D), 19.30.8.13(C), 19.30.8.12(E), 19.30.8.13(D).

In violation of 16 U.S.C. §§ 3372(a)(2)(A), 3372(c)(1)(A), 3373(d)(1)(A), and 3373(d)(1)(B).

A TRUE BILL:

/s/_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney
11/01/17 9:56AM

6